HORTON, Judge.
This is an interlocutory appeal from a post-decretal order modifying the custody provisions of a divorce decree.
The parties hereto were divorced by decree of the Circuit Court of Dade County on March 2, 1953. Since the decree, both parties have remarried. There was one child born of the marriage who, at the time of the decree, was eight months old. The divorce decree approved a separation and custody agreement between the parties, which placed the custody of the infant child in the appellee, subject to reasonable rights of visitation in the appellant. However, when the child reached the age of six years, custody was to be divided between the parties. The appellee was to have custody during the winter months and the appellant custody during the months of July and August. Approximately two weeks prior to the date the child would have reached her sixth birthday, appellee petitioned the court for a modification of the agreement and the final decree upon the grounds that it would not be to the child’s best interests to separate her from her family during the months of July and August, and that the child, as a result of visits with the appellant, became highly excited, nervous and emotionally upset. The petition asked that custody remain in the appellee, unchanged, and that appellant be required to repay to the appellee some $931 in insurance premiums paid by appellee upon policies which were to be kept in force by the appellant under the terms of the separation agreement.
The chancellor heard the testimony of the parties and their witnesses, and thereafter entered the order appealed, granting the relief sought by appellee’s petition.
Basically, the appellant contends that the evidence is insufficient to support the order of modification. With this we do not agree. Without delineating the evidence upon which the chancellor acted, suffice it to say that there was competent, substantial evidence in the record to support his actions. The test is not what this court, sitting as the trier of the facts, would have found, but whether, from all the evidence adduced, there was sufficient basis to support the chancellor’s order. The chancellor’s main concern was the best interests of the child. Neither the record nor appellant’s able brief and argument have persuaded us that the chancellor was not cognizant of the child’s best interests, or that he has in any manner departed from the requirements of the law.
The order of modification does not deprive the appellant of his visitation rights, nor does it forever foreclose him from future attempts, upon changed circumstances, to seek divided custody. This latter statement, although supported by legal precedent, is further supported by the very wording of the order itself, which provides :
“ * * * the Final Decree * * * and all subsequent orders are hereby modified by eliminating therefrom any provision granting the custody of Linda Rose Wertheimer, to the defendant Theodore Wertheimer, during the months of July and August, 1958, and during the months of July and August until the further order of the Court, * * [Emphasis supplied]
On the question of the award of $931 to the appellee for insurance premiums, the record is devoid of any evidence contradict *60 ing the appellee’s testimony that she had paid this sum on insurance contracts that were to be kept in force and effect by the appellant under the terms of the separation agreement. It is true that an attempt was made to show that the policies were in force and effect, and some letter was apparently exhibited but not offered in evidence to substantiate that position. However, there was no showing that the premiums had been paid by the appellant. Absent any other showing, we are faced with a record which discloses uncontradicted testimony by the appellee that she had paid these premiums in the amounts specified.
Accordingly, the order appealed from should be and it is hereby affirmed.
Affirmed.
CARROLL, CHAS., C. J., and PEARSON, J., concur.